MITJANS, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF MITJANS, DEFENDANT AND APPELLEE.

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt.

No. 1855.—Decided December 20, 1918.

VENUE—WAIVER—CONTRACT—HEIRS.—Waiver of venue is a legitimate subject of contract as well as a local custom of long standing sanctioned by public policy and sustained by the uniform current of judicial decision, and such waiver is as binding upon the heir as any other of the terms or conditions of the contract.

The facts are stated in the opinion.

*Messrs. Sarmiento, Rodríguez Serra* and *Puig* for the appellant.

*Messrs. Juan, Alberto* and *Sandalio García Ducós* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A promissory note, on which the complaint herein is based, concludes as follows:

"In the event of default or delay in the payment of the amount

which I owe, and which is stated in this note, it shall bear interest at the rate of 9 per cent per annum, submitting myself in all things to the insular courts of this Island of *San Juan de Puerto Rico*, renouncing my domicile, which I submit to that of my creditor or creditors, and as evidence thereof for the party in interest I sign this, at Aguadilla, on April 4, 1914.''

The present appeal is from an order overruling a motion to reconsider an order granting a change of venue, and from a subsequent ruling to the effect that other similar motions for a change of venue made by the several defendants has been thus substantially disposed of.

The motions for such change set forth that neither defendants nor the maker of the note at any time waived the right to a trial in the court of their domicile. In the supporting affidavits, however, this affirmation, in so far as the original obligor is concerned, is on information and belief, and at the hearing in the district court plaintiff produced the note together with various counteraffidavits identifying the signature.

In granting the change of venue the district court found no sufficient justification of any ground, save that of the personal privilege of the defendants as to the place of trial, but held and based its order on the theory that the waiver contained in the note did not bind the heirs of the maker.

In *Gómez* v. *Toro*, 23 P. R. R. 596, we said:

''The hypothetical case that a person may be compelled perhaps to defend himself outside of the jurisdiction of his domicile because of a false document in which his submission appears, is not before us. In the case before us for consideration and decision, the defendant, in basing his demurrer on the sole ground that the manner of claiming the interest was uncertain, impliedly admitted the authenticity of the instrument in which his submission is shown.''

After quoting this language the court below, in passing on the motion for a rehearing, proceeds as follows:

''In the instant case, the authenticity of the document where the submission appears has been denied. The court can not now decide

whether or not the document is genuine. But it is clear that as to its whole contents there is a controversy; and, therefore, the submission to a court other than that of the domicile of the defendant does not clearly appear, aside from the fact that the court is not convinced that any person may impose upon his heirs a waiver of a personal privilege such as jurisdiction.

"But besides what we have said, the court sees that the submission made in the document does not refer specifically to any one of the Insular courts, but that the submission is to the Insular courts in general; and the waiver of domicile has been extinguished."

As already pointed out, the vague averment that the predecessor in interest of defendants had never waived the question of venue, supported only by an affidavit made on information and belief, was met by a number of positive sworn statements tending to identify not only the signature but the body of the note in question as the handwriting of the alleged maker.

In the total absence of any further showing on the part of defendants or of any intrinsic weakness or other tangible ground for suspicion, those affidavits should have been accepted at their face value by the trial court, as establishing *prima facie,* and for the sole purpose of deciding the question of venue, the genuineness of the signature.

We are somewhat at a loss to understand on what ground the doubt in regard to the power of the maker of a promissory note to bind his heirs may rest. The brief of appellees merely submits that the matter of venue is a personal privilege and not a hereditary right or obligation, and hence that even though a promisory note be regarded as a contract, yet the heirs are bound only by such covenants as are lawful and in accordance with recognized custom. But the formal execution of any contract, the assuming of any written obligation, is, ordinarily, itself optional with the contracting parties and equally a matter of personal privilege. That waiver of venue is a legitimate subject of contract, as well as a local custom of long standing sanctioned by public policy and sustained by

the uniform current of judicial decision, has been several times decided by this court, and in so far as any question involved herein is concerned, the suggestion that a promissory note is an exception not to be governed by the general principles usually controlling in matters of contract does not demand serious consideration.

The code definition of "succession" is "the transmission of the rights and obligations of a deceased person to his heirs." Sec. 664, Civ. Code.

"The inheritance includes all the property, rights, and obligations of a person which are not extinguished by his death." Sec. 667, Civ. Code.

The contract of the ancestor binds the heir unless "the rights and obligations arising from the contract are not transmissible, either by their nature, or by agreement, or by provision of law." Sec. 1224, Civ. Code.

Even where the civil law doctrine of personal responsibility of the heirs for decedent's debts does not obtain (9 R. C. L. p. 103, sec. 102), the heirs in a general way "occupy the place of their ancestors." Id. p. 87, sec. 83.

"If the ancestor is estopped his heirs are likewise estopped." Id., p. 83, sec. 84.

There seems to be no reason why we should not adhere to the long-established doctrine of the Supreme Court of Spain that a stipulation in regard to venue is as obligatory upon the heirs as is the fulfilment of any other of the terms or conditions of the contract. 1 Manresa, 188, note; 26 *Jur. Civ.* 79; 27 id. 137.

In the instant case the note plainly specifies the domicile of the payee as the place of trial, and there is no suggestion of any change of residence since the date of execution, or other doubt as to what was in the mind of the obligor beyond the undue emphasis sought to be placed on the words "insular tribunals of the island."

We need not now speculate, therefore, as to what might be the effect of an unqualified acceptance of the domicile of the creditor on the venue of a hypothetical suit brought in any district other than that of the residence of the payee at the time the note was signed.

The orders appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice Wolf dissented.